## HIRAM BUTTERWORTH *et al.,* Appellants, *v.* SEWELL W. BROWN *et al.,* Appellees.

### APPEAL FROM KANE.

Where a party neglects to file his printed abstracts and points, or any argument, the court may refuse to examine the record, and dismiss the cause.

If a party proceeds to the hearing of a cause in chancery without the answer of one of the respondents, it is his own fault; the oath of such a party being waived, his deposition may be taken by complainant, or his testimony orally, it appearing that he has not any interest in the case.

THIS was a bill in chancery, filed by Butterworth and others, against Brown, Stevens, E. D. Huntoon, Mary P. Huntoon, etc., alleging that complainants bought the interests of Woodworths in certain premises at trustee's sale, subject, however, to another trust deed on said premises, to secure a note for about $3,700, the note executed by Woodworths to J. H. Huntoon, and E. D. Huntoon being the trustee in trust deed.  That note was assigned before maturity to Mary P. Huntoon, and by her, after maturity, to said Stevens; that Stevens agreed to extend time of payment of note three years, but in violation thereof, advertised premises for sale.  Prayer for a specific performance of agreement to extend time, and for an injunction to restrain defendants from selling, assigning, etc., and for perpetual injunction.  Oath of all the defendants waived, except that of E. D. Huntoon, the trustee.

Brown, Stevens, and E. D. Huntoon, filed sworn answers, substantially denying allegations of bill.  No other answer filed. General replications to said answers filed.

Court below, on hearing, dissolved injunction, (which had been granted by a master in chancery,) and dismissed the bill.

Bill of exceptions contains the trust deeds, and note and assignment, (being the documentary evidence,) and the testimony of said E. D. Huntoon, Brown, and L. Woodworth.

B. F. PARKS, for Appellants.

LELAND & LELAND, for Appellees.

BREESE, J.  As the appellant has not thought it expedient to comply with the rules of this court, by filing his printed points, and furnishing a printed abstract, nor any argument in the case, we might well refuse to take any other notice of it than to dismiss it, these failures affording a strong presumption that the appeal was taken for delay merely.  The appellee, however, has furnished a printed abstract, and points, and argument, and we have looked into the record, and cannot find any error in it, sufficient to reverse the decree.

If appellants proceeded to a hearing of the cause without the answer of Mary Huntoon, it was their own fault.  If it was important to them, they should not have proceeded without it. Her oath was waived, and complainants could have taken her deposition, or had her oral testimony in court.  She does not appear to have had any interest in the case, having assigned the note without recourse.

The charge of usury made in the bill was abandoned.  If it had not been, it is denied in all the answers, and no proof offered .

to sustain the charge. Nor is there any proof that the time of payment was extended by the *cestui que trust*, or by any person authorized by him. The answers deny it, and there is no proof of it in any part of the record. Obtaining a guaranty from third parties that the note should be paid in one year after maturity, without an agreement with the makers of the note, who were the real and only debtors, to extend the time of payment one year, would amount to nothing, so far as they were concerned, and the answer of Brown shows that Woodworth never pretended to him that the time had been extended, certainly not for three years. If, however, taking the guaranty that the debt should be paid in one year, as an extension of time, then the injunction should have been dissolved, for the note became due May 18, 1859, and the time given to the guarantor expired May 18, 1860. The injunction was issued May 1, 1860, and was dissolved March 1, 1861, so that the parties had the year's extension.

The decree is affirmed. *Decree affirmed.*